[Crim. No. 3387.   Third Dist.   Feb. 11, 1963.]

THE  PEOPLE, Plaintiff  and  Respondent,  v.  RUBY
ROZELL, Defendant and Appellant.

Harry O'Laughlin, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Edsel Haws, Deputy Attorney General, for Plaintiff and Respondent.

SCHOTTKY, J.—Ruby Rozell appeals from an order granting her probation after a jury found her to be guilty of the crime of grand theft by false pretenses. The basis of the charge was fraudulent receipt of welfare funds under the aid to needy children program.

In 1959 Ruby Rozell, the mother of four minor children, applied for aid under the aid to needy children program. At this time she was told that it was incumbent upon her to notify the county welfare department "of any transactions, changes in income or other financial conditions," and she agreed to do so. She then commenced to receive assistance. In the latter part of 1960 her eligibility for assistance was reviewed. She did not inform the social welfare worker that any unrelated adults were living with her and her children. In March 1961 her eligibility was terminated because of a question as to the extent of her income from outside employment. In July 1961 Mrs. Rozell reapplied for assistance. In this application she stated again no unrelated adults were living with her family. She then continued to receive aid through January 1962.

The basis of the charge of grand theft is that while Ruby Rozell was receiving aid an unrelated male person was living with her. By section 1508 of the Welfare and Institutions Code and by regulation the welfare department was authorized to consider the income of a "stepfather or an adult male person assuming the role of spouse to the mother" in computing the aid to be granted.

The evidence to support the determination that an adult male had assumed the role of a spouse follows:

Ruby Rozell purchased a television combination from a dealer on November 3, 1960. She signed the contract as Mrs. Colvin. In December 1960 she signed an application for credit as Mrs. Colvin. She, as Ruby Colvin, and Wilson Colvin purchased a used automobile in November 1960. They both signed the conditional sales contract.

Wilson Colvin was employed by the City of Sacramento in its waste removal department as a refuse pickup man. He gave his employer the address 127 Seavey Circle, which was Ruby Rozell's address, as his residence. On two occasions in 1961 after he, Wilson, had called his employer and stated that he would not be in a foreman called at 127 Seavey Circle to verify Colvin's claim of illness and found Wilson Colvin there.

An investigator of the district attorney's office visited Mrs. Rozell's residence in October 1961 about 10:45 one evening. Wilson Colvin was in the home and articles of men's clothing were discovered in Mrs. Rozell's bedroom. According to the investigator, both Ruby Rozell and Wilson Colvin admitted the clothing belonged to Mr. Colvin. The investigator also stated Wilson Colvin admitted in Mrs. Rozell's presence that he had been living in the home for four or five months prior to April or May 1961, at which time he left.

A social worker stated that on January 15, 1962, she visited Mrs. Rozell. She knocked on the door for about five minutes before she was admitted. During this period she heard a man speaking in a loud voice, and when Mrs. Rozell opened the door she walked to the kitchen in time to see a man running out the back door. Mrs. Rozell said it was Colvin.

There was also testimony that considering the income of Wilson Colvin Mrs. Rozell had been overpaid $1,562 during the period she had received assistance.

Appellant first challenges the sufficiency of the evidence to support the conviction of grand theft. She contends that the evidence is insufficient to establish that Wilson Colvin was assuming the role of a spouse. There is no merit to this contention. Appellant signed her name to some contracts as Mrs. Colvin. Colvin gave appellant's address as his residence to his employer. His clothing was found in her bedroom. He admitted that he had resided with her. We believe that from this and other evidence in the record the jury could well infer that Colvin had assumed the role of a spouse.

Appellant also contends that section 1508 of the Welfare and Institutions Code as applied to this case is an ex post facto law. The section (1508) was amended, effective September 15, 1961, to include the income of an adult male person assuming the role of spouse in determining the amount of aid. Prior to the effective date of the amendment the same rule was in effect under regulations of the State

Board of Social Welfare. (See *People* v. *Shirley*, 55 Cal.2d 521, 524 [11 Cal.Rptr. 537, 360 P.2d 33].) This regulation was held valid in *People* v. *Shirley*. We do not believe that this court should construe the amendment as indicating an intention to change the law, but that it should be construed as a clarification of the law. (See *County of Alameda* v. *Clifford,* 187 Cal.App.2d 714 [10 Cal.Rptr. 144] ; *In re Cathcy,* 55 Cal. 2d 679, 693 [12 Cal.Rptr. 762, 361 P.2d 426].)

Appellant contends also that section 1508 is vague and uncertain and therefore unconstitutional. We do not agree. ''To assume the role of a spouse'' is not a vague and uncertain term. It means to live with a person of the opposite sex as a husband with a wife though there has been no marriage.

Appellant also contends that the law is unconstitutional in that it takes property without notice and hearing and is a denial of due process of law in that it deprives Wilson Colvin of his property. It is the general rule that the party complaining must show that he has been harmed by the law. But even assuming that the point can be raised, the statute is not unconstitutional. The statute does not deprive the adult male of his property. It merely states in the portion with which we are concerned that if an adult male assumes the role of a spouse his income shall be taken into consideration in determining the amount of the grant. The purpose of such regulation or enactment is to administer the program fairly and to safeguard public funds. It is a reasonable device to determine the needs of a child. It is based on the assumption that a man assuming the role of a spouse will contribute to the support of the mother and her children. It takes nothing from him. It merely requires that his income be considered. The regulation in this regard and the amendment are valid. (See *People* v. *Shirley, supra.*)

No other points raised require discussion.

The judgment is affirmed.

Pierce, P. J., and Friedman, J.. concurred.

A petition for a rehearing was denied March 13, 1963.