[Crim. No. 1675. Fourth Dist. Nov. 13, 1964.]

THE PEOPLE, Plaintiff and Appellant, v. MARGARET DARLING et al., Defendants and Respondents.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

James Don Keller, District Attorney, and Albert L. Wells, Deputy District Attorney, for Plaintiff and Appellant.

Richard E. Adams for Defendants and Respondents.

COUGHLIN, J.—The defendants were accused of grand theft and conspiracy to commit grand theft. The original information containing these accusations was filed on May 20, 1964; in one count thereof alleged a grand theft offense occurring between September 21, 1960, and March 31, 1961; and in the second count thereof, alleged the conspiracy charge. An amended information was filed on May 8, 1964; in Counts 1, 2, 3 and 4 thereof alleged the commission of grand theft, i.e., the unlawful taking of personal property of the County of San Diego in an amount in excess of $200, during the periods, respectively, from September 20, 1956, to October 23, 1957, October 23, 1957, to October 29, 1958, October 29, 1958, to November 4, 1959, and November 4, 1959, to September 21, 1960; in Count 5 alleged a similar offense committed during the period September 21, 1960, to March 31, 1961; and in Count 6 alleged a conspiracy to commit grand theft, the last overt act thereof occurring July 14, 1961. The defendants moved to set aside the information under Penal Code section 995, upon the ground that they had been held to answer to the charges set forth in the information without probable cause. The alleged insufficiency of the evidence to establish probable cause was based upon the claim that the filing of the information was barred by the three-year statute of limitations prescribed by section 800 of the Penal Code. The People contended that the grand theft offenses came within the category of the offense described in section 800 as "the embezzlement of public money" for which no statute of limitation is prescribed. The trial court concluded that this contention was without merit; determined that prosecution of the offenses alleged in Counts 1 through 4 of the information was barred by the provisions of section 800; set aside the information as to those counts; and denied the motion as to Counts 5 and 6.

The People appealed from that part of the order setting aside the information as to Counts 1, 2, 3 and 4.

The grand theft charges in question are based upon the alleged obtaining of welfare funds through false affidavits. Obtaining funds in such a manner constitutes theft by false representation or false pretense as defined in section 484 of the Penal Code. (*People* v. *Shirley*, 55 Cal.2d 521, 524 [11

618

Cal.Rptr. 537, 360 P.2d 33]; *People* v. *Bailey*, 55 Cal.2d 514, 518 [11 Cal.Rptr. 543, 360 P.2d 39]; *Dawson* v. *Superior Court*, 138 Cal.App.2d 685 [292 P.2d 574].)

The issue on appeal is whether filing of the information as to Counts 1 through 4 was barred by section 800 of the Penal Code. A determination of this issue requires a consideration and interpretation of several Penal Code sections.

■ Penal Code section 484, as amended in 1927, redefines theft by consolidating within such definition various ''criminal acquisitive techniques'' which were the subject of different common-law-defined larcenous offenses. (*People* v. *Ashley*, 42 Cal.2d 246, 258 [267 P.2d 271].) This redefinition, however, did not change the elements of the several types of theft included therein, and a conviction of the offense of theft can be sustained only if the evidence establishes the elements of one of the consolidated offenses. (*People* v. *Ashley, supra,* 42 Cal.2d 246, 258.)

Insofar as pertinent to the issue on appeal section 484 provides, in part, that: ''Every person . . . who shall fraudulently appropriate property which has been entrusted to him, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money . . . is guilty of theft.''

■ The ''criminal acquisitive techniques'' thus described include the common law offenses of embezzlement and obtaining money under false representation or false pretense.

The provisions of Penal Code section 800 declare that an information charging any felony other than ''murder, the embezzlement of public money, the acceptance of a bribe by a public official or a public employee, or the falsification of public records, must . . . be filed . . . within three years after its commission.'' These provisions are supplemented by those in Penal Code section 799, which provide: ''There is no limitation of time within which a prosecution for . . . the embezzlement of public moneys, and the falsification of public records must be commenced. Prosecution . . . may be commenced . . . for the embezzlement of public money, or the falsification of public records, at any time after the discovery of the crime.''

When theft was redefined by the amendment of section 484 in 1927, the statute recasting that section added section 490a to the Penal Code which provides: ''Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor.''

The rationale of the People in support of their contention that the first four counts of the subject information are not barred by section 800, is that the money obtained by the defendants was public money; that under section 484 their acquisition of this money constituted theft; and that the limitation provisions of section 800 do not apply to the offense of theft of public moneys because the excepting clause therein, "embezzlement of public money," by virtue of section 490a, must be read as if the word "theft" were substituted for the word "embezzlement." Basic to the conclusion thus asserted is a literal interpretation of section 490a. Such an interpretation, when applied to other pertinent sections of the Penal Code, creates an uncertainty in sections 799 and 800.

Penal Code section 503 states: " 'EMBEZZLEMENT' defined. Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted."

Applying the prosecution's rationale to this section it would read: " 'THEFT' defined. Theft is the fraudulent appropriation of property by a person to whom it has been intrusted."

As a consequence, the Penal Code contains two definitions of theft. One of them includes many "criminal acquisitive techniques," while the other is limited to the specific technique known to the common law as "embezzlement," i.e., "the fraudulent appropriation of property by a person to whom it has been intrusted." These circumstances raise the inquiry whether the clause "embezzlement of public money" used in sections 799 and 800 when read "theft of public money," as prescribed by section 490a, refers to the "theft" defined in section 484, i.e., the general definition, or that defined in section 503, i.e., the specific definition.

"When language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted." (*People* v. *Ralph,* 24 Cal.2d 575, 581 [150 P.2d 401]; accord: *People* v. *Smith,* 44 Cal.2d 77, 79 [279 P.2d 33].)

Apply the foregoing rule to the instant situation, it must be held that the clause in question, when read pursuant to the direction of section 490a, refers to the "theft" defined by section 503, i.e., "the fraudulent appropriation of property by a person to whom it has been intrusted," and does not include the obtaining of money by false representation or false pretense. Under these circumstances, the provisions of section 800 foreclose the prosecution of the defendants for the

offenses alleged in the first four counts of the subject information.

This interpretation is supported by other factors. Until the amendment of section 484 and the adoption of section 490a in 1927, which was effected by a single statute (Stats. 1927, ch. 619, pp. 1046-1047), sections 799 and 800 excepted from the statute of limitations prescribed thereby only that method of stealing public money included within the offense of embezzlement, and not that included within the offense of obtaining money by false representation or false pretense.

■ The purpose of amending section 484, by consolidating the various common law larcenous crimes into a general definition of theft, was to remove the technicalities existent in the pleading and proof of these different crimes at common law. (*People* v. *Ashley, supra,* 42 Cal.2d 246, 258; *People* v. *Fewkes,* 214 Cal. 142, 149 [4 P.2d 538].) The obvious purpose of section 490a is to supplement attainment of the purpose of section 484. Application of the former section must be considered in the light of its objective. If it is not so considered, but is applied literally, the resultant conclusions, in many instances, will be absurd and ridiculous. Well-established rules direct the contrary. ■■ The literal interpretation of a statute is not necessarily controlling (*Stockton School Dist.* v. *Wright,* 134 Cal. 64, 68 [66 P. 34]; see also *Bompensiero* v. *Superior Court,* 44 Cal.2d 178, 185 [281 P.2d 250]; will be rejected where it leads to an absurdity (*People* v. *Kuhn,* 216 Cal.App.2d 695, 698 [31 Cal.Rptr. 253]); must be considered in the light of consequences flowing therefrom (*Estate of Ryan,* 21 Cal.2d 498, 513 [133 P.2d 626]; *Ivens* v. *Simon,* 212 Cal.App.2d 177, 181 [27 Cal.Rptr. 801]); and should be viewed in relation to other statutes on the same subject, so as to harmonize the whole law. (*Stafford* v. *Los Angeles etc. Retirement Board,* 42 Cal.2d 795, 799 [270 P.2d 12]; *Stafford* v. *Realty Bond Service Corp.,* 39 Cal.2d 797, 805 [249 P.2d 241].) If the interpretation placed upon section 490a by the People in support of their contention in the instant case is accepted, then the theft of 10 cents from a parking meter would subject the thief to imprisonment in the state prison from 1 to 10 years (Pen. Code section 514); would make him ineligible to hold an office of honor, trust or profit in this state (Pen. Code, § 514); would deprive him of his right as an elector (Elec. Code (1961) §§ 383, 389 and 14240); and would subject him to prosecution without limitation as to time (Pen. Code, § 799). An interpretation leading to such absurd and ridiculous results should be rejected.

An obvious reason for excepting from a statute of limitations the offense of embezzlement of public funds as distinguished from other forms of theft thereof is that ordinarily the situation giving rise to the embezzler's theft protects him in keeping his crime a secret. This conclusion is corroborated by the fact that the offense of falsifying public records, which arises out of a comparable situation retarding detection, also is excepted from the subject statute. No reason appears for having enlarged the scope of these exceptions to encompass modes of stealing public funds other than that included within the common law offense of embezzlement. The purpose of section 490a as a supplement to the pleading and proof objectives of section 484 would not be served by such an enlargement.

The People also contend that the theft offenses with which the defendants were charged constitute embezzlement. Essential elements of embezzlement are the fiduciary relationship arising where one intrusts property to another, and the fraudulent appropriation of that property by the latter. (*People* v. *Talbot,* 220 Cal. 3, 15 [28 P.2d 1057]; *People* v. *Holtzendorff,* 177 Cal.App.2d 788, 806 [2 Cal.Rptr. 676].) The welfare funds which are the subject of the theft alleged in the instant information were obtained by false representations. The receipt thereof did not create the fiduciary relationship basic to the offense of embezzlement. The People claim that, because an applicant for welfare funds agrees to return them if the conditions under which they purportedly were obtained should change, the funds paid are received and held in trust to be returned in the event of such a change, and a failure to return constitutes a misappropriation. The true situation is that the agreement to return is made without intent to perform and is one of the false representations by which the funds are obtained. (See *People* v. *Shirley, supra,* 55 Cal.2d 521, 524.) The evidence at hand is not sufficient to support a charge of embezzlement.

That part of the order setting aside the information as to Counts 1 through 4 is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.