[Crim. No. 2162. Fourth Dist. Aug. 9, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. LORETTA L. FORD, Defendant and Appellant.

William C. Rau for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kerrigan, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—This is an appeal from a judgment of conviction of four counts of grand theft of Aid to Needy Children funds (Pen. Code, §§ 484-487), covering the period from August 1963 through March 1964. The trial court deemed all counts to be misdemeanors.

Defendant and her children were receiving a welfare grant in December 1962. At that time she told a welfare department social worker that no unrelated adults lived with her family and that Anthony Vitone, the father of one of her children, was living elsewhere. Defendant swore in writing that all the information furnished the welfare department in connection with her application for welfare funds was true and that she would notify the welfare department of any information regarding Vitone's return to her home.

The social worker again saw defendant in April 1963 and obtained a sworn statement regarding restoration of aid; observed she was pregnant; defendant said Anthony Vitone was the father. In May 1963, defendant applied for additional welfare funds for the unborn child. She affirmed under oath that Vitone was the father.

As early as 1960 both Vitone and defendant had been told of the consequences of his living with her. This warning was given them by an investigator from the district attorney's office. Vitone denied responsibility to support defendant because he was not living with her.

In July 1963, Vitone gave his employer defendant's address as his residence. The employer later saw Vitone's automobile at defendant's residence.

On October 7, 1963, defendant wrote her welfare department social worker that Vitone was staying in the house, paying room rent. She was promptly told that, since he was living in her home, his total income would have to be considered in the family budget. This meant that if his net earnings exceeded the amount of aid she would receive if he were absent from her home, her payments would be termi-

nated. On November 5, defendant told the welfare department that Vitone had moved out of her house as of October 15.

Vitone was found at defendant's house by the social worker at 9 a.m. in late December 1963. In early January 1964, defendant signed another welfare department form necessary for continuing aid; she again declared there were no unrelated adults living at her residence.

From March 25 to April 17, 1964, a welfare fraud investigator watched defendant's residence about 15 times. On each occasion the investigator saw Vitone in the house at night, or leaving in the morning, or saw Vitone's truck parked in the driveway at night with the house lights out.

Vitone's total income for the period from August 1963 through March 1964 was $3,883: under the appropriate welfare department regulations, appellant received overpayments of $2,066 in Aid to Needy Children funds during this period. The overpayments exceeded $200 for each of the four periods named in the information.

Defendant contends that the evidence is insufficient as a matter of law to support a conviction of any of the four counts of grand theft. Welfare and Institutions Code, section 1508 provides:

"Where a needy child . . . lives with his mother and a stepfather or an adult male person assuming the role of spouse to the mother although not legally married to her, the amount of the grant made pursuant to Section 1511 of this code shall be computed after consideration is given to the income of the stepfather or such adult male person. . . ."

The intimate relationship between defendant and Vitone and his recurrent presence in her home readily qualify him as the statutory "adult male person assuming the role of spouse to the mother although not legally married to her." (*County of Kern* v. *Coley*, 229 Cal.App.2d 172, 179 [40 Cal. Rptr. 53].)

The charges of grand theft are premised on obtaining welfare funds by false pretenses, which constitute theft by false representation or by false pretenses as defined in Penal Code, section 484 (*People* v. *Darling*, 230 Cal.App.2d 615, 617 [43 Cal.Rptr. 446].)

The evidence of guilt of each charge is ample and obvious. The requisite fraudulent intent is clearly present in (1) defendant's knowledge that her payments by the agency would be reduced according to Vitone's income if the agency

knew that he was living in her home, and (2) her promises, made without intent to keep them, to inform the agency if Vitone were to return to her home. (*People* v. *Wood,* 214 Cal.App.2d 298, 306 [29 Cal.Rptr. 444]; *People* v. *Flores,* 197 Cal.App.2d 611, 615 [17 Cal.Rptr. 382]; *People* v. *Phipps,* 191 Cal.App.2d 448, 453 [12 Cal.Rptr. 681].)

■ The constitutionality of Welfare and Institutions Code, section 1508, *supra,* is placed in issue by defendant. She contends that it violates due process because (a) the statutory terms are vague and uncertain, (b) it creates an arbitrary presumption (actual receipt by the mother of income from the "adult male person"), and (c) it discriminates against *unmarried* persons with families. These contentions have no merit. The language is clear, certain, and capable of definite interpretation. (*People* v. *Rozell,* 212 Cal. App.2d 875, 878 [28 Cal.Rptr. 478].) ■ The statutory presumption is reasonable and practical; otherwise, there would be a premium on illicit relationships which would operate as a deterrent to marriage of the parties (*People* v. *Shirley,* 55 Cal.2d 521, 525 [11 Cal.Rptr. 537, 360 P.2d 33, 92 A.L.R.2d 413]; *County of Kern* v. *Coley, supra,* 229 Cal. App.2d 172, 178). ■ There is no discrimination. Where a legally married couple is eligible for Aid to Needy Children funds and is living together, the income of the husband is considered, as was that of Vitone (the statutory "adult male person . . .").

Even assuming there is a discrimination against unmarried persons with families it is particularly inappropriate that defendant, living in a meritricious relationship, assert this. Her actions provide the paradigm case of the statute as a reasonable device to safeguard the funds of the commendable Aid to Needy Children program from larceny.

The judgment is affirmed.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied August 25, 1965, and appellant's petition for a hearing by the Supreme Court was denied October 7, 1965.