[Civ. No. 41306. First Dist., Div. Four. June 9, 1977.]

SANDRA GASAWAY et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Sheldon Portman, Public Defender, Carolyn B. Rose and Nancy Hoffman, Deputy Public Defenders, for Petitioners.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and John W. Runde, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

CALDECOTT, P. J.—Petitioners Sandra and Otis Gasaway seek a writ of prohibition after the Santa Clara County Superior Court overruled their demurrer to an information charging them with four counts of felony welfare fraud (Welf. & Inst. Code, § 11483, subd. (2)).

On February 15, 1977, the People filed an information in respondent court charging petitioners with four counts of welfare fraud in excess of $200, a violation of Welfare and Institutions Code section 11483, subdivision (2).[1] The information alleged that the offenses occurred·on

---

[1] Welfare and Institutions Code section 11483 states:

"Whenever any person has, by means of false statement or representation or by impersonation or other fraudulent device, obtained aid for a child not in fact entitled thereto, the person obtaining such aid shall be punished as follows:

. . . . . . . . . . . .

"(2) If the amount obtained or retained is more than two hundred dollars ($200), by imprisonment in the state prison for not less than one year or more than 10 years or by imprisonment in the county jail for not more than one year.

"All actions necessary to secure restitution shall be brought against persons in violation of this section as provided in Sections 12250 and 12850."

the following dates: Count I, October 1973; count II, November 1973; count III, December 1973; count IV, January 19, 1974 through March 1974.

On March 21, 1977, petitioners filed demurrers to all four counts on the ground that they were barred by the statute of limitations (Pen. Code, § 800). On April 11, 1977, the trial court overruled the demurrer.

The question presented is the applicability of the statute of limitations contained in Penal Code section 800 to Welfare and Institutions Code section 11483.

Penal Code section 800 provides in part: "An indictment for any felony, except murder, voluntary manslaughter, involuntary manslaughter, the embezzlement of public money, the acceptance of a bribe by a public official or a public employee, grand theft, forgery, the falsification of public records, a violation of Section 72, 118, 118a, 132, 134, or 209 of the Penal Code, or Section 1090 or 27443 of the Government Code, shall be found, an information filed, or case certified to the superior court within three years after its commission. . . . An indictment for grand theft, forgery, voluntary manslaughter, or involuntary manslaughter, a violation of Section 72, 118, 118a, 132 or 134, of the Penal Code, or Section 1090 or 27443 of the Government Code shall be found, an information filed, or case certified to the superior court within three years after its discovery."

Petitioners maintain that since Welfare and Institutions Code section 11483, subdivision (2) is not specifically named as an exception in Penal Code section 800, the general statute of limitation for "any felony" applies, and that the statute therefore expired three years after the commission of the offense.

In the proceedings below, the People contended that, for purposes of determining the applicable statute of limitations, violation of Welfare and Institutions Code section 11483 should be considered grand theft. Therefore, they argued, the information was timely filed, since it alleged that it was filed within three years of the discovery of the welfare fraud.

 We conclude that the court's ruling was incorrect, and that the demurrer should have been sustained, under authority of *People* v. *Darling,* 230 Cal.App.2d 615 [41 Cal.Rptr. 219], and *People* v. *Gilbert,* 1 Cal.3d 475 [82 Cal.Rptr. 724, 462 P.2d 580].

*Darling* was written in 1964, before the enactment of Welfare and Institutions Code section 11483, which occurred in 1965. The information filed against the defendants charged them with grand theft (Pen. Code, §§ 484, 487), in that they fraudulently obtained welfare funds in excess of $200. The information was filed more than three years after the date of the alleged offense. (230 Cal.App.2d 615, at p. 617.)

At that time, Penal Code section 800 provided an exception from the three-year statute of limitations for "embezzlement of public money," but no exception for grand theft. The People contended that the grand theft charge should be considered "embezzlement of public money" for the purpose of determining the statute of limitations; they relied on section 490a, which provides: "Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor."

The court rejected the People's argument and held that no implied exception to the statute of limitation could be made for grand theft. The court noted that: " 'When language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted.' [Citations.]" (230 Cal.App.2d 615, at p. 619.) It concluded that inclusion of "grand theft" in Penal Code section 800's exception of "embezzlement of public money" was not required by section 490a, and in fact, that such an interpretation could lead to "absurd and ridiculous results" (see 230 Cal.App.2d 615, at p. 620).

In this case, the People contended that welfare fraud should be included within the definition of grand theft, which is now excepted from the three-year statute of Penal Code section 800. Unlike the prosecution in *Darling*, however, they are without the aid of a statute which dictates that "theft" shall be read as "welfare fraud," as section 490a states that "embezzlement . . . shall . . . be read . . . as if the word 'theft' were substituted therefor."

In fact, in *People* v. *Gilbert, supra,* 1 Cal.3d 475 at page 479, the Supreme Court specifically held that "welfare fraud cannot be prosecuted under section 484 of the Penal Code." Gilbert was convicted of fraudulently obtaining more than $200 in aid to families with dependent children in violation of section 484 of the Penal Code. The court

held that Welfare and Institutions Code section 11482,[2] as a special provision of the Welfare and Institutions Code dealing with welfare fraud, precluded prosecution of such fraud under the older general theft provision of the Penal Code. (1 Cal.3d 475, at p. 477.) "As we stated in *In re Williamson* (1954) 43 Cal.2d 651, 654 . . . , 'It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment.' [Citations.]" (1 Cal.3d 475, at p. 479.) The court pointed out the conflict in the penalties provided for in Welfare and Institutions Code section 11482 (a misdemeanor) and Penal Code section 484 (a felony if over $200 is taken; see Pen. Code, §§ 19, 487, subd. 1, 489; see also *People* v. *Legerretta,* 8 Cal.App.3d 928 [87 Cal.Rptr. 587]).

Here, there is no conflict in penalties, since the penalty for violation of either section 11483, subdivision (2) or Penal Code section 484 (see Pen. Code, § 489), is imprisonment in state prison for not more than 10 years or county jail for not more than one year. (Welf. & Inst. Code, § 11483, subd. (2); Pen. Code, § 489.) However, the conflict in the statute of limitations renders section 484 a more onerous statute than section 11483. ■ "It is the policy of this state to construe a penal statute as favorably to the defendant as its language and the circumstances of its application may reasonably permit; just as in the case of a question of fact, the defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used in a statute." (*Keeler* v. *Superior Court,* 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]; *Morse* v. *Municipal Court,* 13 Cal.3d 149, 159 [118 Cal.Rptr. 14, 529 P.2d 46].)

■ Thus, extension of the grand theft exception of Penal Code section 800 to expand the statute of limitations for felony welfare fraud would be in violation of all the above authority. Furthermore, Penal Code section 800 states that an information for *any felony except* certain offenses named shall be filed within three years after its commission. Welfare and Institutions Code section 11483 was enacted in its present form in 1970. Since that time the Legislature amended Penal Code

---

[2]Welfare and Institutions Code section 11482 provides: "Any person other than a needy child, who willfully and knowingly, with the intent to deceive, makes a false statement or representation or knowingly fails to disclose a material fact to obtain aid, or who, knowing he is not entitled thereto, attempts to obtain aid or to continue to receive aid to which he is not entitled, or a larger amount than that to which he is legally entitled, *is guilty of a misdemeanor.*"

section 800 three times, to add to its enumerated exceptions voluntary and involuntary manslaughter (1971), forgery, falsification of public records, and violation of Penal Code sections 72, 118 and 118a (1972), and violation of Penal Code sections 132 and 134 (1975). Had the Legislature wished to include violation of section 11483 in any of these amendments, it obviously could have done so.

The information charging petitioners with welfare fraud was filed February 15, 1977. Counts I, II and III charge offenses which occurred more than three years prior to the filing of the information. ■ Count IV charges violations of Welfare and Institutions Code section 11483, **subdivision (2), occurring from January 19, 1974, through March 1974,** without specifying the date of any particular offense within that time period. The superior court should have sustained petitioners' demurrer to counts I, II and III; as to count IV, the trial court should have sustained the demurrer with leave to amend that count to allege specifically any instance of welfare fraud in excess of $200, which occurred after February 15, 1974.

Let a peremptory writ of prohibition issue directing the superior court to dismiss the information as to counts I, II and III. As to count IV, the superior court is directed to sustain the demurrer with leave to amend count IV to charge specifically any felony offense which occurred within the three-year period prior to the filing of the information.

Rattigan, J., and Christian, J., concurred.