[No. D017197. Fourth Dist., Div. One. Nov. 3, 1993.]

THE PEOPLE, Plaintiff and Appellant, v.
CHESTER CRITON ARTIS, Defendant and Respondent.

**COUNSEL**

Edwin L. Miller, Jr., District Attorney, and Thomas F. McArdle, Deputy District Attorney, for Plaintiff and Appellant.

Francis J. Bardsley, Richard P. Siref and Jack A. Hochman, under appointments by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**WORK, J.**—The People appeal a judgment of dismissal after the court determined an embezzlement by a tenant could not be charged under Penal Code[1] section 484, the general theft statute, because the rule that a specific statute controls over general statutes requires prosecutors to charge such offenses as violations of section 507. For the following reasons, we reverse the judgment.

I

After Chester Criton Artis sold a refrigerator he took without permission from the apartment he was renting, he was charged with petty theft with a

---

[1] All statutory references are to the Penal Code unless otherwise specified.

prior conviction of a theft-related offense. (§§ 484/666.) After being held to answer, the court granted his motion to set aside the information (§ 995) on the ground his crime could not be charged under the general theft statute because it factually fell within a specific statute defining tenant conversions as embezzlements (§ 507).

In *People* v. *Dingle* (1985) 174 Cal.App.3d 21, 29-30 [219 Cal.Rptr. 707], we reviewed the significance of section 490a which states: "Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor." There, we concluded that the burglary (§ 459) statute's requirement of an entry to commit larceny, must be interpreted as if the stated requisite intent were *theft*, regardless of how defined. Thus, an entry to obtain telephone services by deception, otherwise defined by section 502.7, could be properly charged as burglary.

■  Here, the issue is whether tenants who fraudulently convert property with which they have been intrusted may be charged with theft under the general provisions of section 484 or only by the specific statute factually defining that offense.

Section 507 states: "Every person intrusted with any property as bailee, tenant, or lodger . . . who fraudulently converts the same or the proceeds thereof to his own use . . . is guilty of embezzlement."

Although Artis refers to his crime as a mere conversion, the Legislature has expressly declared it to be a form of embezzlement. As embezzlement, it is theft. (§ 490a.) As theft it is chargeable as a violation of section 484 and, critical to Artis, it is an offense which may be elevated to felony status when charged as petty theft with a prior (§ 666).

Artis cites numerous decisions to bolster his contention that the specific statute (§ 507) precludes charging him under the general (§ 484). None are in point.

The starting point is whether the general and special statutes which include the same subject matter contain provisions which conflict. (*In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593].) In *Williamson*, a conflict existed because a specific statute declared an offense to be a

misdemeanor, while a general statute would permit the People to elevate the exact crime to a felony. Several cases cited by Artis were decided on similar facts. (See, e.g., *People* v. *Silk* (1955) 138 Cal.App.2d Supp. 899 [291 P.2d 1013], *In re Joiner* (1960) 180 Cal.App.2d 250 [4 Cal.Rptr. 667], *People* v. *Gilbert* (1969) 1 Cal.3d 475 [82 Cal.Rptr. 724, 462 P.2d 580], *People* v. *Mayers* (1980) 110 Cal.App.3d 809 [168 Cal.Rptr. 252], and *People* v. *Fiene* (1964) 226 Cal.App.2d 305 [37 Cal.Rptr. 925].

Artis is equally incorrect in relying on *People* v. *Darling* (1964) 230 Cal.App.2d 615 [41 Cal.Rptr. 219], where a defendant was charged with multiple counts of grand theft, each based on a separate "theft" of welfare funds through the filing of false affidavits. Four counts were beyond the three-year general felony statute of limitations. The People attempted to save these stale counts by relying on sections 799 and 800 which provide that *embezzlements* of public moneys have no prosecutorial time bar. The decision regarding specific versus general statutes related only to whether the general felony limit could be avoided by characterizing these thefts by false representation as embezzlements. The court determined they lacked the necessary element of intrustment and thus could not be *embezzlements* of public moneys. This decision has no relevance to Artis's case. A similar limitations issue was the focus of another Artis citation, *Gasaway* v. *Superior Court* (1977) 70 Cal.App.3d 545 [139 Cal.Rptr. 27], which was decided favorably to the defendant because the welfare fraud statute (Welf. & Inst. Code, § 11483, not in existence when *Darling* was decided) contained a three-year statute of limitations which conflicted with the expanded limitation in section 800.

Unlike the cases Artis cites, there are no conflicts between the elements to prove, or the punishment for, embezzlement under section 484 and embezzlement defined in section 507. Each is punished "in the manner prescribed for theft of property of the value or kind embezzled." (§ 514.) Thus, had Artis been a first-time theft offender, he would face a misdemeanor sentence for this "petty" theft regardless of how it was charged. Because there is no conflict between these statutes, Artis currently may be charged under section 484 and thus is subject to the felony enhancing provisions of section 666.[2]

---

[2]Unlawfully converted bailments are also defined as embezzlements by section 507. Several decisions involve cases where converters of bailed property have been convicted of theft charged under section 484. (See, e.g., *People* v. *Frazier* (1948) 88 Cal.App.2d 99, 102 [198 P.2d 325], and *People* v. *Maulucci* (1962) 205 Cal.App.2d 301, 303 [22 Cal.Rptr. 924].) However, they contain no discussion of the issue Artis raises.

## DISPOSITION

The judgment is reversed.

Wiener, Acting P. J., and Froehlich, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 10, 1994.