[No. C054546. Third Dist. Oct. 19, 2007.]

TINA BRADWELL, Petitioner, v.
THE SUPERIOR COURT OF PLACER COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Jonathan Richter, Public Defender, and Eric R. Beauchamp, Assistant Public Defender, for Petitioner.

No appearance for Respondent.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, J. Robert Jibson and Peter H. Smith, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**DAVIS, Acting P. J.**—In this writ of prohibition proceeding, we conclude that a welfare fraud conviction under Welfare and Institutions Code section 11483 cannot be used as the prior (theft-related) conviction for a Penal Code section 666 criminal charge of petty theft with a prior. Consequently, we issue a peremptory writ directing the dismissal of such a charge against petitioner Tina Bradwell.

### BACKGROUND

Over petitioner's objection at the preliminary hearing, the Placer County trial court held petitioner to answer a charge of "petty theft with a prior" (Pen. Code, § 666), where the "prior" consisted solely of petitioner's prior conviction for welfare fraud under Welfare and Institutions Code section 11483. The trial court reasoned that "welfare fraud is a specie[s] of theft" and that Penal Code section 666 "encompasses both petty theft and grand theft."

After unsuccessfully moving to set aside this charge pursuant to Penal Code section 995, petitioner filed a petition for writ of prohibition with this court, requesting a peremptory writ and a stay restraining the trial court from proceeding with this criminal action against her. (Pen. Code, § 999a.) After considering opposition from the People, we issued an alternative writ of prohibition; we previously had stayed the action against petitioner.

### DISCUSSION

The dispositive issue is whether the references in Penal Code section 666 to "petty theft" and "grand theft"—as qualifying prior convictions for the section 666 offense of petty theft with a prior—include a welfare fraud conviction under Welfare and Institutions Code section 11483. Our answer is no.

To start our discussion, we set forth the three principal statutes at play.

Penal Code section 666 defines the offense of petty theft with a prior as follows: "Every person who, having been convicted of petty theft, grand theft, auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery, or a felony violation of Section 496 and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petty theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison."

■ Penal Code section 484 defines "theft," which encompasses both petty theft and grand theft (the distinction between the two being the amount taken). (See Pen. Code, §§ 487, 488.) Section 484's definition of "theft" includes "knowingly and designedly, by any false or fraudulent representation or pretense, defraud[ing] any other person of money, labor or real or personal property." (Pen. Code, § 484, subd. (a).)

And the third statute is Welfare and Institutions Code section 11483. This is the statute comprising petitioner's prior conviction, and this conviction serves as the prior conviction in petitioner's current charge under Penal Code section 666 of petty theft with a prior. Section 11483 provides as pertinent: "[W]henever any person has, by means of false statement or representation or by impersonation or other fraudulent device, obtained aid for a child not in fact entitled thereto, the person obtaining such aid shall be subject to prosecution under the provisions . . . commencing with Section 10980 . . . ."

A reading of these three statutes shows that a conviction under Welfare and Institutions Code section 11483's "false . . . representation . . . or other fraudulent device" aligns with Penal Code section 484's "false or fraudulent representation" definition of theft. Given this alignment, petitioner's section 11483 conviction may be considered a prior "theft" conviction for purposes of a Penal Code section 666 charge (which lists "petty theft" and "grand theft" as qualifying prior convictions). However, there is more here than meets the statutory eye.

■ This is because, as we shall see, Welfare and Institutions Code section 11483 is considered a special statute that includes the same subject matter as the more general theft statute of Penal Code section 484 and, since the two statutes conflict, the special statute is considered an exception to the general statute (in applying this principle, it is irrelevant whether the special statute was passed before or after the general statute). (See *People v. Gilbert* (1969) 1 Cal.3d 475, 479–481 [82 Cal.Rptr. 724, 462 P.2d 580] (*Gilbert*).) Furthermore, the rule of lenity of statutory interpretation applies in petitioner's favor, as does a look at statutory history and legislative intent.

*Gilbert* illustrates the special statute/general statute interpretive principle in the context of welfare fraud. Based on this principle, the *Gilbert* court concluded that a misdemeanor special statute prohibiting "a false . . . representation . . . to obtain aid" (Welf. & Inst. Code, § 11482) foreclosed a felony prosecution for grand theft under the more general Penal Code section 484 for the same conduct. (*Gilbert, supra,* 1 Cal.3d at pp. 477, 479–481.) The two statutes—the special Welfare and Institutions Code section 11482 and the general Penal Code section 484—" 'include the same [subject] matter' " (*Gilbert*, at p. 479) as required by the special/general interpretive principle

because they both substantively require that the victim "actually part with value"; and the two statutes conflict as section 11482 is a misdemeanor and section 484 can comprise a felony. (*Gilbert*, at p. 480; see also *People v. Artis* (1993) 20 Cal.App.4th 1024, 1026–1027 [25 Cal.Rptr.2d 63] (*Artis*), for quoted phrase.)

*Gasaway v. Superior Court* (1977) 70 Cal.App.3d 545 [139 Cal.Rptr. 27] (*Gasaway*) followed in *Gilbert*'s footsteps. *Gasaway* rejected the People's contention there that welfare fraud under Welfare and Institutions Code former section 11483, subdivision (2) (pegged to the grand theft amount) should be included within the term "grand theft" in Penal Code former section 800, which set forth a statute of limitations (as relevant, Pen. Code, former § 800 specified that for "any felony," with certain exceptions including grand theft, the limitations period was three years after the felony was *committed*; as for grand theft, the limitations period was three years after it was *discovered*). (*Gasaway*, at p. 548.) Relying on *Gilbert*, *Gasaway* conceded there was no conflict in penalties between Welfare and Institutions Code former section 11483, subdivision (2), and the grand theft statutes (Pen. Code, §§ 484, 489), but noted that "the conflict in the statute of limitations renders section 484 [the grand theft statute] a more onerous statute than section 11483." (*Gasaway, supra,* 70 Cal.App.3d at p. 550.)

Gasaway then cited another applicable interpretive principle, the rule of lenity for ambiguous penal statutes: " 'It is the policy of this state to construe a penal statute as favorably to the defendant as its language and the circumstances of its application may reasonably permit; [because,] just as in the case of a question of fact, the defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used in a statute.' " (*Gasaway, supra,* 70 Cal.App.3d at p. 550, quoting *Keeler v. Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617]; *People v. Garcia* (1999) 21 Cal.4th 1, 10 [87 Cal.Rptr.2d 114, 980 P.2d 829] [citing with approval this " 'rule of lenity' for interpretation of ambiguous penal statutes" from *Keeler*].)

Using these two interpretive principles—the special statute as an exception to a general statute on the same subject and the rule of lenity—the *Gasaway* court, in a writ of prohibition proceeding, directed the dismissal on statute of limitations grounds of most of the Welfare and Institutions Code section 11483 charges against the petitioner there because these charges were alleged to have been committed more than three years before. (*Gasaway, supra,* 70 Cal.App.3d at pp. 547, 549–551.) *Gasaway* concluded that extending "the grand theft [discovery-based] exception of Penal Code section 800 to expand the statute of limitations for felony welfare fraud [under Welfare and Institutions Code former section 11483, subdivision (2)] would be in violation of" these interpretive principles. (*Id.* at p. 550.)

■ Similarly, here, in employing these two *Gilbert-Gasaway* interpretive principles, we must conclude that the listing of "petty theft" and "grand theft" as qualifying prior convictions in Penal Code section 666 (defining the offense of petty theft with a prior) does not encompass the welfare fraud offense under Welfare and Institutions Code section 11483.

■ As for the *Gilbert-Gasaway* interpretive principle of a special statute being the exception to a general one on the same subject, that principle's application has been described succinctly as pivoting on whether there are "conflicts between the elements to prove, or the punishment for," the statutes at issue. (*Artis, supra,* 20 Cal.App.4th at p. 1027.) If so, the special statute is considered an exception to the general statute. (*Gilbert, supra,* 1 Cal.3d at p. 479; *Gasaway, supra,* 70 Cal.App.3d at p. 550.)

There are conflicts between the more general offense of theft under Penal Code section 484 et seq. (referenced in Pen. Code, § 666 as "petty theft" and "grand theft") and the specific offense of welfare fraud under Welfare and Institutions Code section 11483. These conflicts are in the punishment imposed for these offenses. While the prescribed sentences are the same for the theft offenses and the welfare fraud offense, the maximum fines for the welfare fraud offense are lower (the maximum fine for grand theft is $10,000 and for petty theft is $1,000; the maximum fine for section 11483 welfare fraud is $5,000 if more than $400 was obtained, and $500 if $400 or less was obtained). (Pen. Code, §§ 484, 489, 490, 18, 672; Welf. & Inst. Code, § 10980, subd. (c)(1), (2); see Welf. & Inst. Code, § 11483.) Consequently, since the more general theft offense (Pen. Code, § 484 et seq.) involves different penalties than the more specific Welfare and Institutions Code section 11483 welfare fraud offense, and since these two statutory sections "include the same subject matter" (*Artis, supra,* 20 Cal.App.4th at p. 1026), the special statute of section 11483 is considered an exception to the more general theft offense. Accordingly, petitioner's prior conviction under the special statute of section 11483 cannot be used as a "petty theft" or a "grand theft" prior conviction for purposes of prosecuting her under Penal Code section 666. (See *Gilbert, supra,* 1 Cal.3d at pp. 479–481; *Gasaway, supra,* 70 Cal.App.3d at pp. 548–550 [welfare fraud is not included within the "grand theft" reference in Pen. Code, former § 800, a statute of limitations section].)

As for the *Gilbert-Gasaway* interpretive principle of the rule of lenity, that principle too forecloses using petitioner's Welfare and Institutions Code section 11483 welfare fraud conviction as a prior conviction for purposes of a Penal Code section 666 charge. Section 666 does not list section 11483 as one of its qualifying prior convictions, although it specifies a number of other theft-related offenses. The farthest section 666 goes in any section 11483 direction is vaguely to refer to petty theft and grand theft. Construing section

666 "as favorably to the [petitioner] as its language and the circumstances of its application may reasonably permit," the section does not encompass a section 11483 welfare fraud conviction. (*Gasaway, supra,* 70 Cal.App.3d at p. 550.)

In fact, the history of Penal Code section 666 is a telling one. Over a span of many years, the Legislature has added several theft-related offenses to the list of qualifying prior convictions in Penal Code section 666 (e.g., grand theft, burglary and robbery in 1977; auto theft in 1986; felony receipt of stolen property in 1988; and carjacking in 1993). (See Historical and Statutory Notes, 49 West's Ann. Pen. Code (1999 ed.) foll. § 666, p. 446.) But the Legislature has never seen fit to put Welfare and Institutions Code section 11483 on this list.

A similar situation involving the amendment history of Penal Code former section 800 and Welfare and Institutions Code section 11483 was discussed in *Gasaway.* (Recall, Pen. Code, former § 800 specified a three-year statute of limitations triggered by commission of the offense, excepting therefrom certain enumerated crimes, including grand theft, where the three-year limitations period was triggered by discovery of the offense.) *Gasaway* noted that the Legislature had amended Penal Code former section 800 three times—to add various crimes to its enumerated discovery-based exceptions—since section 11483 was enacted in its then present form in 1970. (*Gasaway, supra,* 70 Cal.App.3d at pp. 550–551.) Said *Gasaway*: "Had the Legislature wished to include violation of section 11483 in any of these amendments, it obviously could have done so." (*Id.* at p. 551.) The same can be said for Penal Code section 666 and Welfare and Institutions Code section 11483.

Indeed, the situation of Penal Code section 666 and Welfare and Institutions Code section 11483 may be even more telling than the *Gasaway* story. *Gasaway* was decided in 1977. In 1984, the Legislature repealed the then existing Penal Code section 800; in replacement statutory sections, "[g]rand theft of any type" and "[f]elony welfare fraud . . . in violation of Section 11483," among other things, were listed as subject to discovery-based, not commission-based, limitations periods. (Stats. 1984, ch. 1270, §§ 1, 2, pp. 4335–4336; see now Pen. Code, § 799 et seq., especially §§ 801, 803, subd. (c)(1), (5).) In light of this quoted language, the Legislature apparently does not consider "[g]rand theft of any type" to include the Welfare and Institutions Code section 11483 offense. (Pen. Code, § 803, subd. (c)(1), (5).) But there is something even more telling about this statutory history. As noted, the Legislature has added several crimes, over what is now a span of three decades, to its list of qualifying prior convictions in Penal Code section 666. And the Legislature has now amended Penal Code former section 800 to make the felony version of the Welfare and Institutions Code section 11483

offense a discovery-based one for limitations purposes. (Pen. Code, § 803, subd. (c)(5).) But the Legislature has still not seen fit to add section 11483 as a prior conviction under Penal Code section 666. In light of this statutory history, we conclude that the Legislature does not intend the section 11483 welfare fraud offense to be a qualifying prior conviction under Penal Code section 666.

This legislative intent is not surprising. Although welfare fraud is like other fraudulent theft in terms of conduct, it differs in terms of context. Welfare fraud, as set forth in Welfare and Institutions Code section 11483, was placed in the Welfare and Institutions Code in the mid-1960's in a "unique statutory scheme." (*People v. Sims* (1982) 32 Cal.3d 468, 489 [186 Cal.Rptr. 77, 651 P.2d 321], see Stats. 1965, ch. 1784, § 5, pp. 3978, 4018.) This scheme initially established a preference for noncriminal resolution of cases (restitution), but now blends a noncriminal and criminal resolution. And it is a scheme that recognizes the circumstances of the individuals receiving welfare benefits (for, e.g., minimal standard of living). (See *People v. Garcia* (2006) 39 Cal.4th 1070, 1080–1083 [48 Cal.Rptr.3d 75, 141 P.3d 197]; *Sims, supra*, 32 Cal.3d at p. 489; *People v. Faubus* (1975) 48 Cal.App.3d 1, 5 [121 Cal.Rptr. 167] (*Faubus*).)

Finally, in light of our reasoning above, we reject the People's attempt to equate theft and welfare fraud by its citations to *People v. Darling* (1964) 230 Cal.App.2d 615 [41 Cal.Rptr. 219], *Faubus, supra*, 48 Cal.App.3d 1, and *People v. Woods* (1986) 177 Cal.App.3d 327 [222 Cal.Rptr. 868]. *Darling* did note that obtaining welfare funds through false affidavits constitutes theft by false representation or pretense as defined by Penal Code section 484. (*Darling, supra*, 230 Cal.App.2d at pp. 617–618.) However, *Darling* was decided before welfare fraud was placed in the Welfare and Institutions Code in 1965. (Stats. 1965, ch. 1784, § 5, pp. 3978, 4018.) And *Faubus* and *Woods* merely stand for the proposition that the Welfare and Institutions Code section 11483 scheme contains felony provisions comparable in seriousness to Penal Code provisions for theft. (*Faubus, supra*, 48 Cal.App.3d at p. 6; *Woods, supra*, 177 Cal.App.3d at p. 332; see now Welf. & Inst. Code, § 10980.)

We conclude that a conviction for welfare fraud under Welfare and Institutions Code section 11483 cannot be used as a qualifying prior conviction for the Penal Code section 666 offense of petty theft with a prior.

DISPOSITION

Let a peremptory writ of prohibition issue directing the superior court to dismiss the information that charges petitioner with petty theft with a prior

under Penal Code section 666, where the prior conviction is for welfare fraud under Welfare and Institutions Code section 11483. The stay is hereby dissolved.

Morrison, J., and Hull, J., concurred.