Filed 3/23/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B262149 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA069964) |
| v. | |
| ESMERALDA SOLIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael V. Jesic, Judge.  Affirmed.

Melissa L. Camacho-Cheung, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Esmeralda Solis appeals from the denial of her petition for recall and resentencing under Proposition 47, the Safe Neighborhoods and Schools Act. Defendant argues Proposition 47, which reduced the penalty for theft of property worth less than $951 from a wobbler to a misdemeanor, applies to her felony conviction for taking or driving a vehicle under Vehicle Code section 10851, subdivision (a). We conclude defendant was not convicted of a qualifying theft offense and affirm the denial of her petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 15, 2012, defendant and three co-defendants were charged by information with grand theft auto, a felony (Pen. Code, § 487, subd. (d)(1); count 1); driving or taking a vehicle, a felony (Veh. Code, § 10851, subd. (a); count 2); and theft of identifying information, a misdemeanor (Pen. Code, § 530.5, subd. (c)(1); count 11).[1] Counts 1 and 2 involved a 1993 Honda Accord. A co-defendant drove the car; defendant was one of three passengers.

At arraignment, defendant pled guilty to count 2, driving or taking a vehicle in violation of Vehicle Code section 10851, subdivision (a) (Section 10851), a felony. The trial court suspended imposition of sentence and placed her on formal probation for three years. The court required defendant to serve 180 days in county jail, awarded her 174 days local custody credit, and dismissed counts 1 and 11.

In January 2015, the Alternate Public Defender's office filed a petition to recall defendant's felony sentence and resentence her as a misdemeanant under Proposition 47. The court held a contested hearing on February 5, 2015. The People opposed defendant's petition on the ground that Section 10851 convictions are not eligible for reduction under Proposition 47. The court found as a matter of law that Section 10851 convictions are not reducible under Proposition 47, and denied the

---

[1] The information charged four defendants, in a variety of configurations, with 18 counts. The co-defendants are not parties to this appeal.

2

petition without prejudice; the court did not make any factual findings about the nature of the Section 10851 violation or the value of the car. This timely appeal followed.

## CONTENTIONS

Defendant contends Penal Code section 490.2 (Section 490.2), which reduced the penalty for "obtaining any property by theft where the value of the . . . property taken does not exceed nine hundred fifty dollars ($950)," applies to at least some convictions for taking or driving a vehicle under Section 10851.

## DISCUSSION

At the outset, we address the People's argument that even if Section 10851 is reducible as a legal matter, defendant did not meet her burden of proving that she is eligible for resentencing because her conviction was for joyriding, not vehicle theft. Because we hold Section 10851 is not eligible for resentencing under Proposition 47 under any legal theory and find defendant is ineligible for resentencing as a matter of law, we do not address the sufficiency of her petition for resentencing or resolve who bore the burden of proof below.

The issue before us is a question of law, which we review de novo. (*People v. Cromer* (2001) 24 Cal.4th 889, 893–894.)

### 1. Proposition 47

On November 4, 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act. (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014).) The initiative aimed to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from" the Act in elementary and high school programs, victims' services, and mental health and drug treatment. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) Proposition 47 targets these goals in four ways: (1) it amends the Penal Code and Health and Safety Code to reduce certain

3

property crimes and possessory drug offenses from felonies or wobblers[2] to misdemeanors; (2) it allows people serving felony sentences for newly-reduced offenses to ask the court to resentence them as misdemeanants (Pen. Code, § 1170.18, subds. (a), (b)); (3) it allows people who have finished serving a qualified felony sentence to ask the court to reclassify the conviction as a misdemeanor (Pen. Code, § 1170.18, subds. (f)–(h)); and (4) it creates a Safe Neighborhoods and Schools Fund to be financed with savings generated by the changes to the sentencing laws (Gov. Code, § 7599 et seq.).  (Ballot Pamp., *supra*, text of Prop. 47, § 3, p. 70.)

As relevant to the present case, though Proposition 47 purported to reduce the penalties for grand theft, it did not directly amend any substantive theft statute.  (Ballot Pamp., *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35 ["Specifically, the measure reduces the penalties for the following crimes:  [¶] Grand Theft."].)  Instead, the initiative added a new provision to the Penal Code chapter dealing with theft.  (§ 490.2; see Pen. Code, § 484 et seq.)  The new provision provides, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor" unless the defendant has been convicted of a specified violent or serious crime.  (§ 490.2.)

Under Penal Code section 1170.18, a defendant currently serving a felony sentence for a crime that would have been a misdemeanor under Proposition 47 may petition for resentencing in accordance with the provisions of the Act, including Section 490.2.  (Pen. Code, § 1170, subds. (a)–(b).)  The issue before us is whether

---

[2]     As the Legislative Analyst explained, "some crimes . . . can be charged as either a felony or a misdemeanor.  These crimes are known as 'wobblers.'  Courts decide how to charge wobbler crimes based on the details of the crime and the criminal history of the offender."  (Ballot Pamp., *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35.)

Section 490.2 applies to felony convictions under Section 10851.  We conclude it does not.[3]

### 2.    Principles of Statutory Construction

As with any case involving statutory interpretation, our primary goal is to ascertain and effectuate the lawmakers' intent.  (*People v. Park* (2013) 56 Cal.4th 782, 796.)  Because Proposition 47 was enacted by the electorate, it is the voters' intent that controls.  (*Ibid.*)  "Nonetheless, our interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature."  (*Ibid.*)

To determine intent, we first examine the statutory language and give the words their ordinary meaning.  (*People v. Park*, *supra*, 56 Cal.4th at p. 796.)  "Words and phrases must be construed according to the context and the approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, must be construed according to such peculiar and appropriate meaning."  (Pen. Code, § 7, subd. (16).)  If the statutory language is unambiguous, its plain meaning controls; if the statutory language is ambiguous, we may refer to " 'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' "  (*People v. Rizo* (2000) 22 Cal.4th 681, 685.)

### 3.    Obtaining Property by Theft

As enacted by Proposition 47, Section 490.2 neither redefines nor establishes a substantive theft offense.  Instead, "theft" is defined in Penal Code section 484, subdivision (a), which provides:  "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other

---

[3]    There is a split of authority on  whether Section 10851 is a reducible offense under Proposition 47.  The issue is pending before the California Supreme Court in *People v. Page*, review granted January 27, 2016, S230793.

person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft." (See *People v. Davis* (1998) 19 Cal.4th 301, 304–305 [Pen. Code, § 484 consolidates several formerly distinct offenses into the single crime of theft, including larceny and theft by trick].) Penal Code section 490a, in turn, provides that any law referring to larceny, embezzlement, or stealing is a theft offense. (Pen. Code, § 490a.)

The statute's reference to various "felonious[]" takings imports the common law's specific intent requirement into Penal Code section 484's designations of these takings as thefts. (*People v. Avery* (2002) 27 Cal.4th 49, 55, 58 (*Avery*).) To steal or "obtain[] property by theft," a defendant must take the property with the specific intent "to permanently deprive the owner of possession." (*People v. Davis*, *supra*, 19 Cal.4th at p. 305; *Avery*, *supra*, at p. 54 ["California courts have long held that theft by larceny requires the intent to *permanently* deprive the owner of possession of the property."].[4]) Without "a specific intent to steal, i.e., an intent to deprive an owner permanently of his property," "[t]he taking of property is not theft[.]" (*People v. Butler* (1967) 65 Cal.2d 569, 572–573, overruled on other grounds by *People v. Tufunga* (1999) 21 Cal.4th 935, 956; see *People v. Matlock* (1959) 51 Cal.2d 682, 694 ["It is elementary that the taking of property is not theft in the absence of an intent to steal."].)

Every theft offense is either grand theft or petty theft—and the punishment options depend on the degree of the crime. (Pen. Code, § 486.) A defendant commits grand theft, a wobbler, "[w]hen the money, labor, or real or personal property taken" exceeds $950. (Pen. Code, § 487, subd. (a).) Before the passage of Proposition 47, however, not all theft crimes were subject to the $951 grand-theft minimum. Theft of

---

[4]     In *Avery*, the Court held that although theft requires an intent to permanently deprive the owner of property, this requirement may be satisfied by the intent to take the property temporarily, "but for so extended a period of time as to deprive the owner of a major portion of its value or enjoyment." (*Avery*, *supra*, at p. 52.)

some property became grand theft at a lower value threshold; for example, a defendant only had to steal $250 worth of "domestic fowls, avocados, olives, citrus," or other produce to be guilty of grand theft. (§ 487, subd. (b)(1); see § 487, subd. (b)(2) [$250 worth of aquacultural products from a commercial or research operation].) And theft of other types of property was deemed grand theft regardless of value. For example, every theft of a "hog, sow, boar, gilt, barrow, or pig" was designated grand theft (Pen. Code, § 487a), as was theft of "gold dust, amalgam, or quicksilver" from "any mining claim, tunnel, sluice, undercurrent, riffle box, or sulfurate machine" (Pen. Code, § 487d). (See *People v. Whitmer* (2014) 230 Cal.App.4th 906, 918 ["It is well established that the Legislature's intent regarding this provision was to designate theft of the enumerated items as grand theft regardless of their value."].)

Any theft not defined as grand theft is petty theft, a misdemeanor (Pen. Code, § 488)—and Section 490.2 redefines petty theft. As discussed, Section 490.2 reduces the possible punishment for defendants convicted of "obtaining property by theft" worth less than $951. The statute provides: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft" worth less than $951 "shall be considered petty theft and shall be punished as a misdemeanor." The first clause—"Notwithstanding Section 487 or any other provision of law defining grand theft"—is a nonrestrictive phrase, set off with a comma; the rest of the sentence is an independent clause. (See Garner, Garner's Dictionary of Legal Usage (3d ed. 2011) pp. 782, 888–889 [restrictive and nonrestrictive clauses].) Because the nonrestrictive phrase does not limit the rest of the sentence, the plain language of Section 490.2 stands on its own. It provides, "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." (§ 490.2, subd. (a).) As defendant notes, this language is "exceedingly broad"; on its face, Section 490.2 reclassifies the array of criminal behavior described in the theft statutes as petty theft whenever the stolen property is worth less than $951.

7

Applying these principles to the issue before us, to convict a defendant of either grand theft or petty theft of an automobile, the People must prove the defendant intended to permanently deprive the owner of possession of his car. (Pen. Code, § 484.[5]) A violation of Section 10851, on the other hand, does not require this intent. Indeed, the main difference between the two offenses is the required mens rea—the gravamen of a theft crime.

A violation of Section 10851, subdivision (a) requires proof of the following elements:

1.  The defendant took *or* drove someone else's vehicle;
2.  The owner did not consent to the taking or driving; and
3.  The defendant intended to deprive the owner of possession or ownership for *any period*.

Section 10851 "proscribes a wide range of conduct." (*People v. Jaramillo* (1976) 16 Cal.3d 752, 759.) "[A] person can violate that section by driving *or* taking a vehicle. The acts constituting driving a vehicle and taking a vehicle are separate and distinct." (*People v. Barrick* (1982) 33 Cal.3d 115, 135 (*Barrick*).)

In this context, "taking" is not a synonym for stealing; it is a legal term of art describing one element of theft by larceny. (*People v. Gomez* (2008) 43 Cal.4th 249, 255.) Taking "has two aspects: (1) achieving possession of the property, known as 'caption,' and (2) carrying the property away, or 'asportation.' " (*Ibid*.) Therefore, if a defendant takes or drives a vehicle with the intent to deprive the owner of possession **temporarily**, he has not committed theft. (*People v. Garza* (2005) 35 Cal.4th 866, 871 (*Garza*); *Barrick*, *supra*, 33 Cal.3d at p. 135.) On the other hand, if he takes or drives the vehicle with the intent to deprive the owner of possession **permanently**—that is, with the intent to steal it—he has committed a theft offense. (*Garza*, *supra*, at pp. 871,

---

[5]    Penal Code section 487, subdivision (d)(1) classifies auto theft as a grand theft offense. However, like Section 490.2, section 487 is not itself a substantive crime. (*People v. Ortega* (1998) 19 Cal.4th 686, 696 ["Grand theft . . . is not a separate offense, but simply the higher degree of the crime of theft."].)

876, 878–879, 880–881.) Put another way, every car thief necessarily violates Section 10851, but a defendant who takes or drives a vehicle is not necessarily a car thief. (*Ibid*.)[6]

Regardless of the definitional boundaries of the phrase "obtaining any property by theft"—an issue we need not and do not reach—Section 490.2 indisputably applies only to theft offenses. Because driving or taking a vehicle with the intent to deprive the owner of temporary possession is not theft, defendants convicted of this form of Section 10851 are ineligible for resentencing under Proposition 47. However, neither the grammatical structure of Section 490.2 nor the statutory definition of theft resolves the question of whether defendants convicted of Section 10851 under a theft theory are eligible for resentencing. As discussed in the next section, we conclude, as a matter of statutory interpretation, that all convictions under Section 10851—including those committed with the intent to deprive the owner of permanent possession of a vehicle— are ineligible for reduction in accordance with section eight of Proposition 47. (See Ballot Pamp., *supra*, text of Prop. 47, § 8 [adding § 490.2].)

### 4. Proposition 47 Must Be Considered As a Whole To Harmonize All of Its Provisions

Although we look first at the words of a statute, we do not consider the statutory language in isolation; rather, we read the statute "as a whole, harmonizing the various elements by considering each clause and section in the context of the overall statutory framework." (*People v. Jenkins* (1995) 10 Cal.4th 234, 246.) We construe all parts of

---

[6] We disagree with the concurrence's reading of *Garza* on this point. (Conc. opn. *post*, at fn. 2.) *Garza* held that "*taking* a vehicle with the intent to permanently deprive the owner of possession is a form of theft," but "unlawful *driving* of a vehicle is not a form of theft . . . ." (*Garza*, *supra*, 35 Cal.4th at p. 871.) *Garza* did not address taking a vehicle with the intent to temporarily deprive the owner of possession. Therefore, *Garza* is not authority for the proposition that "[t]here can be no 'taking' a vehicle under Vehicle Code section 10851, subdivision (a), without the intent to permanently deprive." (Conc. opn. *post*, at fn. 2; see *People v. Guevara* (2004) 121 Cal.App.4th 17, 27 ["cases may not be used for propositions not considered"].)

a statute together, without according undue importance to a single or isolated portion. (*Cooley v. Superior Court* (2002) 29 Cal.4th 228 (*Cooley*).)  Where statutes are inconsistent, we attempt to provide a harmonious interpretation, and give effect to every provision, so that one section does not destroy another.  (*People v. Jenkins*, *supra*, at p. 246; see 2A Sutherland Statutory Construction (7th ed., rev. Apr. 2014) § 46:6, pp. 238–252.)

### 4.1    Rule Against Surplusage

"Significance should be given, if possible, to every word of an act."  (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798.)  "Conversely, a construction that renders a word surplusage should be avoided."  (*Id.* at p. 799.)  "A word or phrase will be given the same meaning each time it appears in a statute."  (*Cooley*, *supra*, 29 Cal.4th at p. 255.)

Proposition 47 amended Penal Code section 666, petty theft with prior, and reduced the maximum prison sentence from three years to one year.  Eligible predicates include prior convictions for "petty theft, grand theft, . . . auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery," and receiving stolen property. (Pen. Code, § 666, subd. (a).)  To interpret Proposition 47 as a symmetrical, coherent scheme, in which operative words are used consistently throughout, we must accord "petty theft" and "grand theft" the same meaning in both section eight (adding § 490.2) and section 10 (amending § 666).  (See Ballot Pamp., *supra*, text of Prop. 47, §§ 8, 10.) The inclusion of "auto theft under Section 10851 of the Vehicle Code[]" alongside "grand theft" and "petty theft" in section 666 is therefore a significant indication that the voters did not consider Section 10851 a variety of petty theft.  If the initiative drafters considered "auto theft under Section 10851" a species of petty theft—a term they defined in section eight (adding § 490.2)—there would have been no need to designate it as a separate predicate in section 10 (amending § 666).  (See *Bradwell v. Superior Court* (2007) 156 Cal.App.4th 265, 272 (*Bradwell*) [statute's inclusion of both "[g]rand theft of any type" and "[f]elony welfare fraud" indicates welfare fraud is not a form of grand theft].)

This construction harmonizes the initiative's provisions and gives effect to every word. Conversely, interpreting Section 490.2 to encompass Section 10851 would render portions of the initiative surplusage.[7] We therefore conclude Section 490.2 does not apply to Section 10851. (*Cooley*, *supra*, 29 Cal.4th at p. 249 [courts should give meaning to every word of a statute and avoid a construction making any word surplusage].)

## 4.2    Particular Provisions Qualify General Provisions

" 'It is well settled . . . that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.' " (*San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577 quoting *Rose v. State of California* (1942) 19 Cal.2d 713, 723–724; see Pen. Code, § 7.5 [where statutes conflict, preference for particular over general].) "In effect, the special statute is interpreted as creating an exception to the general statute for conduct that otherwise could be prosecuted under either statute." (*People v. Murphy* (2011) 52 Cal.4th 81, 86 (*Murphy*) interpreting *In re Williamson* (1954) 43 Cal.2d 651, 654.) Just as we may not divorce one section of

---

[7]    The concurrence misinterprets our analysis on this point. (See conc. opn. *post*, at p. 1.) As discussed at length above, while every theft offense is either grand theft or petty theft, grand theft and petty theft are not substantive crimes; they are two degrees of a variety of theft offenses. (Pen. Code, § 486 ["Theft is divided into two degrees, the first of which is termed grand theft; the second, petty theft."]; see opn. *ante*, at pp. 5–7.) Accordingly, theft of a vehicle worth less than $951 *cannot* be petty theft unless theft of a vehicle worth more than $950 *is also* grand theft. That is, if Section 10851 can be a type of petty theft, Section 10851 must also be a type of grand theft. For these reasons, we disagree with the concurrence's belief that "[t]he electorate had to include the reference to Vehicle Code section 10851 in order to cover the circumstance in which the Vehicle Code section 10851 violation was based on the theft of a vehicle valued at *over* $950." (Conc. opn. *post*, at p. 1.)

Proposition 47 from the rest of the initiative, in the event a broader law conflicts with a specific one, the specific controls. (*People v. Johnson* (2002) 28 Cal.4th 240.)

In *People v. Bradwell*, the court of appeal addressed whether welfare fraud (Welf. & Inst. Code, § 11483) was a theft offense. (*Bradwell*, *supra*, 156 Cal.App.4th at pp. 269–273.) The court reasoned that because welfare fraud contained all the statutory elements of theft, it was a theft offense, and therefore a predicate crime under the plain meaning of former section 666. (*Id.* at p. 269.) However, because welfare fraud was a special statute that included the same subject matter as the more general theft statute, and was part of a unique statutory scheme, the court concluded it was an exception to the general theft provision, and could not be classified as either petty theft or grand theft. (*Id.* at pp. 269–273.)

Likewise, in *Murphy*, the California Supreme Court held that Vehicle Code section 10501, filing a false vehicle-theft report, was an exception to a more general statute, Penal Code section 115, which prohibits filing a false instrument in a public office. (*Murphy*, *supra*, 52 Cal.4th at pp. 85–95.) The Court reasoned, "Penal Code section 115 is more general than Vehicle Code section 10501 because it applies to a broader range of documents that may be filed in any public office[,]" and a violation of Vehicle Code section 10501 would commonly result in a violation of Penal Code section 115. (*Id.* at pp. 88–89.)

Here, Penal Code section 484 prohibits the "felonious[]" taking of personal property—of which cars are but one variety. Section 10851 on the other hand, targets specific car-related behavior—driving or taking a vehicle—that may also violate Penal Code section 484. Moreover, Section 10851 is a cornerstone of a detailed statutory scheme encompassing public safety, tow-truck regulations, stolen-vehicle recovery, and car insurance. (See, e.g., Vehicle Code division four [Special Antitheft Laws (Veh. Code, § 10500 et seq.)]; Motor Vehicle Theft Prevention Act, Veh. Code, § 10900 et seq.) If the electorate intended to reclassify some violations of Section 10851, it would not do so, without comment, via a general Penal Code provision defining petty theft. Therefore, to the extent Section 10851 may be violated

12

in a way that brings it within Penal Code sections 484 and 490.2, we conclude the specific rule of Section 10851 is an exception to the general rule announced in Section 490.2, subdivision (a). (See *Bradwell*, *supra*, 156 Cal.App.4th at p. 272 ["Although welfare fraud is like other fraudulent theft in terms of conduct, it differs in terms of context[,]" in part because of the " 'unique statutory scheme' " that blends noncriminal and criminal resolutions].)

Faced with the plain meaning of Section 490.2, which excludes Section 10851 offenses from Proposition 47 relief, defendant argues that the voters must have intended the temporary deprivation of property worth less than $951 to be petty theft given that the permanent deprivation of property worth less than $951 is now petty theft. (Citing Ballot Pamp., *supra*, text of Prop. 47, § 15 ["This act shall be broadly construed to accomplish its purposes."], § 18 ["This act shall be liberally construed to effectuate its purposes."].). We decline defendant's invitation to expand Section 490.2 to include Section 10851.[8]

First, defendant's argument is based on the premise that a lesser-included offense is always less serious than a greater offense, and therefore inevitably warrants a lesser punishment. While Section 10851 is a lesser-included offense of grand theft auto (*Barrick*, *supra*, 33 Cal.3d at p. 128), defendant misconstrues the relationship between lesser and greater offenses. One offense is necessarily included in another if all of its elements are also elements of the greater offense. (*People v. Sanchez* (2001) 24 Cal.4th 983, 987.) However, a lesser-included offense is not necessarily *less serious* than

_____

[8] Defendant also contends the rule of lenity, "whereby courts must resolve doubts as to the meaning of a statute in a criminal defendant's favor," compels a different result. (*Avery*, *supra*, 27 Cal.4th at p. 57.) " 'The rule of statutory interpretation that ambiguous penal statutes are construed in favor of defendants is inapplicable unless two reasonable interpretations of the same provision stand in relative equipoise, i.e., that resolution of the statute's ambiguities in a convincing manner is impracticable.' [¶] Thus, although true ambiguities are resolved in a defendant's favor, an appellate court should not strain to interpret a penal statute in defendant's favor if it can fairly discern a contrary legislative intent." (*Id.* at p. 58.) We conclude the rule of lenity is unnecessary to resolve the issue before us.

a greater offense; it simply has fewer statutory elements. (See *People v. Wilkinson* (2004) 33 Cal.4th 821, 839 (*Wilkinson*) [not irrational to punish lesser-included offense more severely than greater offense].)

Second, a criminal defendant has no vested interest in a specific term of imprisonment or in the designation a particular crime receives. (*Wilkinson*, *supra*, 33 Cal.4th at p. 838.) "It is both the prerogative and the duty of the Legislature [or voters] to define degrees of culpability and punishment, and to distinguish between crimes in this regard." (*People v. Turnage* (2012) 55 Cal.4th 62, 74.) "Courts routinely decline to intrude upon the broad discretion" such policy judgments entail. (*People v. Ward* (2005) 36 Cal.4th 186, 217.) Further, the fact that "the prosecution elects to prosecute the accused for the offense carrying the most grievous penalty is no more a denial of the equal protection of the law than prosecution for sale of narcotics when conviction for possession of the same contraband could be sustained on the same evidence and, in fact, is often the end result of a plea bargain. Similarly, a car thief may not complain because he may have been subjected to imprisonment for more than 10 years for grand theft of an automobile (§§ 487, subd. 3, and 489) when, under the same facts, he might have been subjected to no more than 5 years under the provisions of section 10851 of the Vehicle Code." (*People v. Romo* (1975) 14 Cal.3d 189, 197.)

Third, to the extent defendant contends there is no rational basis for treating joyriding convictions more harshly than automobile theft convictions, this contention is not persuasive. There are sound reasons to treat the temporary deprivation of a vehicle differently than the theft of that same vehicle. (*People v. Johnson*, *supra*, 28 Cal.4th 240 [exclusion significant to show the voters' intent].) In general, the Vehicle Code is concerned with assuring public safety on California thoroughfares, whereas the Penal Code is concerned with wrongs to individual people. For example, Vehicle Code section 10850 provides that the provisions of chapter 4, which includes Section 10851, "apply to vehicles upon the highways and elsewhere throughout the State." In turn, Vehicle Code section 360 defines a highway as a "way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel."

14

By punishing taking or driving a vehicle without the intent to deprive the owner of permanent title or possession, Section 10851 addresses dangers to the public. Such dangers are not encompassed by standard theft statutes, which focus on particular victims—the owners of stolen personal property. Undoubtedly, the unexpected loss of a vehicle directly affects the safety and welfare of individual vehicle operators and owners, but it also places the public at risk if, for example, the car is driven recklessly or used to commit another crime. Just as a vehicle can be a dangerous weapon, joyriding can jeopardize public safety. (See *People v. Linares* (2003) 105 Cal.App.4th 1196 [attempted murder by auto]; Veh. Code, § 13351.5 [requiring lifetime revocation of driver's license upon conviction of assault with a deadly weapon by means of a vehicle].)

In sum, felony prosecutions under Section 10851 serve important public safety and deterrence functions that differ from those served by prosecutions for theft. It is thus reasonable for the Legislature to afford prosecutors the discretion to prosecute joyriders as felons rather than misdemeanants.

**DISPOSITION**

The order denying defendant's petition for recall and resentencing is affirmed.

**CERTIFIED FOR PUBLICATION**

LAVIN, J.

I CONCUR:

JONES, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16

ALDRICH, Acting P. J., Concurring.

I concur with the majority's conclusion that violations of Vehicle Code section 10851 are not eligible for Proposition 47 resentencing under Penal Code section 1170.18.[1] However, I respectfully part company with the majority's analysis in two respects.

First, I agree that consideration of the rule against surplusage is an appropriate consideration in interpreting a statute, and that we may look to other provisions amended or added by Proposition 47 to determine the electorate's intent. (See, e.g., *People v. Rodriguez* (2012) 55 Cal.4th 1125, 1131; *People v. Ruff* (2016) 244 Cal.App.4th 935, 944.) However, I question whether inclusion of references to both petty theft and Vehicle Code section 10851 in section 666 actually renders the reference to Vehicle Code section 10851 surplusage, as the majority holds. The majority reasons that where the value of a vehicle is $950 or less, section 490.2 defines auto theft in violation of Vehicle Code section 10851 as petty theft; therefore, inclusion of both Vehicle Code section 10851 and petty theft in the list of enumerated predicate offenses in section 666 is redundant. (Maj. opn., at p. 10.) Assuming arguendo that inclusion of the reference to Vehicle Code section 10851 is surplusage when the vehicle's value is $950 or less, the same cannot be true when a defendant steals a car worth *over* $950. When the vehicle stolen is valued at over $950, violation of Vehicle Code section 10851 is *not* properly characterized as petty theft. It is also not grand theft, because Vehicle Code section 10851 does not define, and is not commonly known as, grand theft. Therefore, the inclusion in section 666, subdivision (a) of both "petty theft" and "auto theft under Section 10851 of the Vehicle Code" does not render the latter surplusage. The electorate had to include the reference to Vehicle Code section 10851 in order to cover the circumstance in which the Vehicle Code section 10851 violation was based on the theft of a vehicle valued at *over* $950.

---

[1]    All further undesignated statutory references are to the Penal Code.

1

Second, I disagree with the majority's conclusion that insofar as it punishes unlawfully driving a vehicle (i.e., joyriding or posttheft driving), Vehicle Code section 10851 aims to protect the public, whereas insofar as it punishes vehicle theft, section 10851 was intended to protect individual owners. (Maj. opn., at pp. 14—15.) Vehicle Code section 10851 " 'proscribes a wide range of conduct.' " (*People v. Garza* (2005) 35 Cal.4th 866, 876 (*Garza*).) "A person can violate section 10851(a) 'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding).' " (*Ibid.*) Here, the majority holds, and I agree, that *neither* form of violating Vehicle Code section 10851 is an offense eligible for resentencing under section 1170.18. (Maj. opn., at p. 3.) Consequently, the majority's proffered justification for treating the two species of Vehicle Code section 10851 violations differently is unnecessary and, in my opinion, confuses the issues.

Moreover, even if the point was germane, I find no support for the notion that Vehicle Code section 10851, subdivision (a)'s prohibition on joyriding/posttheft driving is intended to protect the public, but the prohibition on vehicle theft is intended to protect individual vehicle owners.[2] Nothing in the Proposition 47 ballot materials presented to the electorate remotely suggests voters intended to differentiate between thieves and posttheft drivers. The majority cites no authority for its conclusion that Vehicle Code section 10851 punishes joyriders in order to protect the public, whereas it punishes thieves to protect individual vehicle owners. (Maj. opn., at pp. 14—15.) In my view, this

---

[2]     The majority states that "[b]y punishing taking or driving a vehicle without the intent to deprive the owner of permanent title or possession, [Vehicle Code] section 10851 addresses dangers to the public." (Maj. opn., at p. 15.) By definition, "taking" a vehicle requires the intent to *permanently* deprive the owner of possession. There can be no "taking" a vehicle under Vehicle Code section 10851, subdivision (a), without the intent to permanently deprive. It is the intent element that distinguishes the two forms of a Vehicle Code section 10851 offense. (See *Garza*, *supra*, 35 Cal.4th at p. 876 ["A person can violate section 10851(a) 'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding)' "].)

2

distinction is unsupported by authority and unwarranted. By its plain terms, Vehicle Code section 10851, subdivision (a), protects *both* individual and public interests, *regardless* of whether the vehicle is taken by a thief or driven by a joyrider.

The majority's reasoning appears to rest on the assumption that joyriders/posttheft drivers present a greater danger to the public than thieves. As noted, unlawfully driving a vehicle with the intent to temporarily deprive the owner of possession is sometimes referred to by the shorthand appellation "joyriding," although the statute itself does not use that term. (*Garza, supra,* 35 Cal.4th at p. 876; see generally *People v. Towne* (2008) 44 Cal.4th 63, 72.) In the popular imagination, the term "joyriding" may conjure up visions of a wild group of youths recklessly driving a sports car while out on a foolhardy escapade. (See Webster's 3d New Internat. Dict. (2002) p. 1222 [defining "joyride" as a "course of conduct or action marked by a seeking of pleasure with a reckless disregard of cost or consequences" and "a joyride taken esp. in a stolen car without regard for safety or consequences to oneself or others"].) Vehicle Code section 10851, subdivision (a), however, does not define the offense of unlawfully driving a vehicle in this fashion. All that is required is that the defendant unlawfully drive another's vehicle, without consent, with the intent to temporarily deprive. (See *Garza, supra,* at p. 876; *People v. O'Dell* (2007) 153 Cal.App.4th 1569, 1574; CALCRIM No. 1820.) There is no requirement that the defendant drive recklessly or cause any danger to the public. Indeed, a defendant can violate the statute even if he or she scrupulously observes all traffic laws and drives cautiously and competently.

The majority avers that persons who drive a vehicle with the intent to temporarily, rather than permanently, deprive the owner of possession also place the public at risk if they use the vehicle to commit another crime. (Maj. opn., at p. 15.) But such conduct is hardly limited to joyriders. It is common knowledge that thieves, as well as joyriders, sometimes steal vehicles and then use them in other crimes. Likewise, both thefts and joyriding may endanger the public, depending on the particular circumstances unique to each case. The thief who races from the scene of the theft in order to avoid apprehension, who is caught in the act of theft and leads police on a high speed chase, or who simply

3

drives recklessly for any number of reasons, presents a danger to the public. So does the joyrider who speeds, breaks the traffic laws, or spots a nearby police vehicle and flees. Conversely, depending on the circumstances, either a thief or a joyrider may drive in a safe fashion that does not endanger the public. As far as I am aware, it is not a matter of common consensus that joyriders are dangerous, but car thieves are less so. Moreover, there is little or no distinction between thieves and joyriders from the victim's point of view. A victim is deprived of his or her vehicle whether the defendant steals it or simply drives it. In California, where many persons depend on their autos to get to work, school, the grocery store, or the doctor's office, *any* deprivation of a vehicle may work an extreme hardship. For the foregoing reasons, I respectfully decline to adopt the majority's reasoning.

Despite my disagreement with the majority on these points, I concur that violations of Vehicle Code section 10851 are not eligible for Proposition 47 resentencing under section 1170.18. Section 1170.18 fails to include Vehicle Code section 10851 as one of the enumerated offenses eligible for resentencing. Section 1170.18, subdivision (a) does list section 490.2, and states that a defendant may petition for a recall of sentence "in accordance with" section 490.2. Section 490.2 provides that "obtaining any property by theft" shall be considered petty theft where the property's value does not exceed $950. Section 490.2 does not mention Vehicle Code section 10851, however. In pertinent part, it expressly references only the grand theft statute, section 487. This omission is significant because, unlike statutes that simply prohibit theft, Vehicle Code section 10851 is much broader, applying to defendants who have committed not theft but posttheft driving/joyriding. Thus, section 490.2 *cannot* apply to all violations of Vehicle Code section 10851.

I agree with the majority's conclusion that Vehicle Code section 10851 prevails over section 490.2 because the former is the more specific statute. (See *People v. Ahmed* (2011) 53 Cal.4th 156, 163; *People v. Betts* (2005) 34 Cal.4th 1039, 1058; *Velasquez v. Superior Court* (2014) 227 Cal.App.4th 1471, 1475; Code Civ. Proc., § 1859.) Vehicle Code section 10851, subdivision (a) provides that violation of the statute is generally

4

a "wobbler," that is, the offense may be punished alternatively as a felony or a misdemeanor. (See *People v. Park* (2013) 56 Cal.4th 782, 789 & fn. 4.) Vehicle Code section 10851, subdivision (b) makes the offense a felony and prescribes specific terms when a defendant takes or unlawfully drives specialized vehicles under certain circumstances, i.e., ambulances, distinctively marked law enforcement or fire department vehicles on emergency calls, and vehicles that have been modified for the use of a disabled veteran or any other disabled person and display a distinguishing placard or plate. Vehicle Code section 10851, subdivision (e) provides that recidivists are punishable as set forth in section 666.5. Section 490.2 conflicts with these provisions. If section 490.2 applied to Vehicle Code section 10851, theft of a vehicle would no longer be a "wobbler" if the vehicle's value did not exceed $950. A defendant who stole one of the vehicles enumerated in Vehicle Code section 10851, subdivision (b), if valued at $950 or less, could be sentenced only as a misdemeanant, rather than to the two, three, or four year term specified by subdivision (b). A recidivist who stole a vehicle worth less than $950 could not be punished for his or her recidivism, since under section 666.5 both the current and prior crimes must be felonies.

Furthermore, when the Legislature—or here, the voters—"intend[ ] for a statute to prevail over all contrary law, it typically signals this intent by using phrases like 'notwithstanding any other law' or 'notwithstanding other provisions of law.' [Citations.]" (*In re Greg F.* (2012) 55 Cal.4th 393, 406.) Here, the electorate included such "notwithstanding" language in regard to section 487 and statutes defining grand theft, but not in regard to Vehicle Code section 10851. This omission suggests the electorate did not intend section 490.2 to apply to Vehicle Code section 10851.

For the foregoing reasons, I concur with the majority's conclusion that convictions for violation of Vehicle Code section 10851 are not eligible for Proposition 47 resentencing pursuant to section 1170.18.



ALDRICH, Acting P. J.